In the Matter of HARRY STRILEY et al., Respondents. FAIRBANKS COMPANY, Appellant; UNEMPLOYMENT INSURANCE APPEAL BOARD, Respondent.

Third Department, February 20, 1962.

*Hinman, Howard & Kattell* (*Edward L. Tirrell, Jr.*, of counsel), for appellant.

*Donald L. Slater* for claimants-respondents.

*Louis J. Lefkowitz, Attorney-General* (*Jean M. Coon, Paxton Blair* and *Samuel Stern* of counsel), for Industrial Commissioner, respondent.

HERLIHY, J. The employer questions the constitutionality, under both the Federal and State Constitutions, of the section of the Unemployment Insurance Law allowing payments to strikers and secondly, the application of the "experience rating" (Labor Law, § 581) insofar as payments are allowed to strikers.

In regard to the first argument, the New York State Unemployment Insurance Law (Labor Law) was held constitutional by the Court of Appeals of this State in the case of *W. H. H. Chamberlin, Inc., v. Andrews* (271 N. Y. 1 [1936], affd. without opinion 299 U. S. 515).

The second argument has not been previously determined by any court in this State. However, since in this case it is asserted

*only* that experience rating is unconstitutional when applied to striking workers, the answer to this problem, therefore, depends upon the benefit section (§ 581). When the law was originally adopted in 1935, the employers were taxed on the basis of 3% of their payrolls. Subsequently the Legislature amended this manner of taxing by substituting the "experience rating" method which gives credits or debits to the employer's account based upon the employment experience of his business in accordance with certain time prerequisites. The *Chamberlin* case (*supra*) held that the taking of money from employers and placing it into a general fund and thereafter paying it out to strikers was constitutional, but the "experience rating" method of assessment was not incorporated into the law at that time. However, in this case we have the collection of money (tax or assessment) in a general fund and thereafter a paying out to strikers. Even with the change in the method of assessment, it would appear that the *Chamberlin* case (*supra*) is controlling. The Supreme Court of Pennsylvania has so determined. (See *Boyertown Burial Casket Co.* v. *Commonwealth,* 366 Pa. 574.)

The formula to be applied in making assessments for the fund, whether a percentage ratio or "experience rating", is a matter which can best be determined by the Legislature and we are unable to say that the change from one method to the other was an unreasonable or arbitrary act or violated any provisions of the Constitution. The intent of the Legislature seems to be expressed in that part of section 581 (subd. 1, par. [d]) which states: "but nothing in this article shall be construed to grant any employer or any of his employees prior claims or rights to the amount paid by him into the fund and credited to his employer's account, or to any other account, including the general account, either on his own behalf or on behalf of his employees. All moneys in such fund, from whatever source derived and to whatever account credited, shall be pooled and available to pay benefits to any individual entitled thereto under this article."

Legislative enactments are presumed to be constitutional. (*Defiance Milk Prods. Co.* v. *Du Mond,* 309 N. Y. 537, 540.)

The decision of the Unemployment Insurance Board should be affirmed.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs.